# EXHIBIT 1



**Service of Process Transmittal**
10/03/2012
CT Log Number 521339595

| | |
|---|---|
| **TO:** | Stephen Zamansky, General Counsel<br>Cooper Tire & Rubber Company<br>701 Lima Avenue<br>Findlay, OH 45840- |
| **RE:** | **Process Served in Texas** |
| **FOR:** | COOPER TIRE & RUBBER COMPANY (Domestic State: DE) |

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | Brody & Lillian Combs, Pltfs. vs. Cooper Tire & Rubber Co., Dft.<br>*Name discrepancy noted.* |
| **DOCUMENT(S) SERVED:** | Citation, Return, Complaint |
| **COURT/AGENCY:** | 44th Judicial District Court Dallas County, TX<br>Case # DC1209359 |
| **NATURE OF ACTION:** | Employee Litigation - Personal Injury - 01/14/2012 - Plaintiff was body slammed onto the pavement on his head while attempting to put out a fire - Defendant failure to obtain medical assistance |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/03/2012 at 15:15 |
| **JURISDICTION SERVED:** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days |
| **ATTORNEY(S) / SENDER(S):** | Jeff Seely<br>Gordon, Elias & Seely, L.L.P.<br>1811 Bering Drive<br>Suite 300<br>Houston, TX 77057<br>713-668-9999 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via Fed Ex 2 Day, 799115174255<br>Image SOP<br>Email Notification, Barb Marquart bmmarquart@coopertire.com<br>Email Notification, Cheryl Stuber clstuber@coopertire.com |
| **SIGNED:** | C T Corporation System |
| **PER:** | Amber Carrouth |
| **ADDRESS:** | 350 North St Paul Street<br>Suite 2900<br>Dallas, TX 75201 |
| **TELEPHONE:** | 214-932-3601 |

**Exhibit 1**

Page 1 of 1 / SR

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

| ATTY |
|---|
| **CITATION** |
| DC-12-09359-B |
| BRODY & LILLIAN COMBS vs. COOPER TIRE & RUBBER CO., |
| ISSUED THIS 24th day of August, 2012 |
| GARY FITZSIMMONS Clerk District Courts, Dallas County, Texas |
| By: SPRINGE MCKINLEY, Deputy |
| **Attorney for Plaintiff** JEFF R. SEELY GORDON ELIAS & SEELY LLP 1811 BERING DRIVE SUITE 300 HOUSTON, TEXAS 77057 713-668-9999 |

## FORM NO. 353-3 - CITATION
## THE STATE OF TEXAS

To:  COOPER TIRE & RUBBER CO.,
BY SERVING ITS REGISTERED AGENT, C. T. CORPORATION
350 N. ST. PAUL ST. STE. 2900
DALLAS, TEXAS 75201-4234

GREETINGS:

You have been sued. You may employ an attorney. If you or your attorney do not file a written answer with the clerk who issued this citation by 10 o'clock a.m. of the Monday next following the expiration of twenty days after you were served this citation and petition, a default judgment may be taken against you. Your answer should be addressed to the clerk of the **44th District Court** at 600 Commerce Street, Ste. 101, Dallas, Texas 75202.

Said Plaintiff being **BRODY & LILLIAN COMBS**

Filed in said Court **20th day of August, 2012** against

**COOPER TIRE & RUBBER CO.,**

For Suit, said suit being numbered **DC-12-0935-B**, the nature of which demand is as follows:
Suit on **OTHER PERSONAL INJURY** etc. as shown on said petition ,
a copy of which accompanies this citation. If this citation is not served, it shall be returned unexecuted.

WITNESS: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County Texas.
Given under my hand and the Seal of said Court at office this 24th day of August, 2012.

ATTEST: GARY FITZSIMMONS, Clerk of the District Courts of Dallas, County, Texas

By _____, Deputy
SPRINGE MCKINLEY

# OFFICER'S RETURN

Case No. : DC-12-09359

Court No.44th District Court

Style: BRODY COMBS

vs.

COOPER TIRE & RUBBER CO

Came to hand on the _____ day of _____, 20____, at _____ o'clock ____.M. Executed at _____ within the County of _____ at _____ o'clock ____.M. on the _____ day of _____ 20____, by delivering to the within named _____

_____

each, in person, a true copy of this Citation together with the accompanying copy of this pleading, having first endorsed on same date of delivery. The distance actually traveled by me in serving such process was _____ miles and my fees are as follows: To certify which witness my hand.

| | |
|---|---|
| For serving Citation | $_____ |
| For mileage | $_____ |
| For Notary | $_____ |

_____ of _____ County, _____

By _____ Deputy

(Must be verified if served outside the State of Texas.)

Signed and sworn to by the said _____ before me this _____ day of _____, 20____

to certify which witness my hand and seal of office.

_____ Notary Public _____ County

1-CIT/ATTY

Filed
12 August 20 P2:34
Gary Fitzsimmons
District Clerk
Dallas District

CAUSE NO. DC-12-09359

| | | |
|---|---|---|
| Brody & Lillian Combs<br>Plaintiffs, | §<br>§<br>§ | IN THE DISTRICT COURT OF |
| VS. | §<br>§ | DALLAS COUNTY, TEXAS |
| Cooper Tire & Rubber Co.<br>Defendant. | §<br>§<br>§<br>§ | B-44TH JUDICIAL DISTRICT |

## PLAINTIFF'S COMPLAINT

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Brody & Lillian Combs, hereinafter referred to as "Brody" or "Lillian" and collectively as "Plaintiffs", complaining of Cooper Tire & Rubber, Co. ("Cooper"), Defendant, and for cause of action would respectfully show as follows:

### I.

### DISCOVERY CONTROL PLAN

1. Plaintiff intends to conduct discovery in this case under Level 3 pursuant to the Texas Rules of Civil Procedure.

### II.

### PARTIES

2. At the time of the accident, Brody and Lillian were residents of Arkansas. Thereafter, they permanently moved to Texas to live with family and to get all of Brody's ongoing medical treatment, including a long inpatient stay in a hospital in Harris County, Texas. They still reside in Galveston County, Texas and intend to continue to do so.

3. Cooper is a Delaware business with its principal place of business in Findley, Ohio. Defendant may be served by serving its registered agent, CT Corporation, 350 N. St. Paul St., Ste. 2900, Dallas, TX 75201-4234 USA.

### III.

### JURISDICTION & VENUE

4. It is not completely clear, but Cooper Tire's place of business in Texas is at 2155 W Interstate 20, Grand Prairie, TX 75052. That is a distribution center and whether it is owned by Cooper Tire or another Cooper Tire entity. If Cooper Tire does not have place of business in Texas, Plaintiff intends to non-suit and refile in Galveston County.

5. Venue is proper in this County pursuant to Tex. Civ. Prac. Rem. Code 15.002(3).

### IV.

### FACTUAL SUMMARY

6. On or about January 14, 2012, Brody was at a Cooper Tire Store located in Texarkana, Arkansas, where he was an employee.

7. He was attempting to put out a fire that had been set to a puddle of brake fluid by one of Cooper's employees.

8. Employees who worked for Cooper were regularly and customarily allowed by it to engage in such horseplay. Cooper's manager aware in this instance that such horseplay was taking place.

9. After extinguishing the fire, Cooper's employee Jesse (last name unknown) continued the horseplay by picking Brody up, without Brody's consent, and body slamming him onto the pavement on his head.

10. Brody was unconscious for a time and was bleeding from his head while Cooper's on-site manager and others looked on.

11. He was disoriented and was vomiting at times.

12. Cooper's manager and employees rendered minimal aid including providing a towel so Brody could try to stop the bleeding.

13. No one dialed 911.

14. He was confined to a break room where he sat for a lengthy amount of time.

15. Cooper's on-site manager came into the break room and instructed him to remain in the break room until he was feeling better. Despite his obvious brain injury symptoms, no one dialed 911.

16. Ultimately, Brody's brother-in-law came and transported Brody to the emergency room. It was determined that he was suffering from a life-threatening brain bleed and was flown by helicopter to another facility.

17. Brody has a permanent brain injury, a damaged throat and vocal cord from surgery, and a foot injury.

18. Brody's brain injury is of a type from which he would have recovered quickly if treated quickly, risking little or no long-term impairment. Unfortunately, the delay in treatment resulted in a huge brain bleed that led to permanent injury and permanent mental impairment.

## V.

## CAUSES OF ACTION

### Negligence

*Count 1: Violation of Restatement (Second) of Torts § 324.*

19. Cooper violated Restatement (Second) of Torts § 324. It provides that:

> One who, being under no duty to do so, takes charge of another who is helpless to adequately aid or protect himself is subject to liability to the other for any bodily harm caused to him by (a) the failure of the actor to exercise reasonable care to

   secure the safety of the other while within the actor's charge; (b) the actor's discontinuing his aid or protection, if by so doing he leaves the other in a worse position than when the actor took charge of him.

Restatement (Second) of Torts § 324.

20. At the time Brody needed aid, Cooper's manager (and those working at his direction) were in the course in scope of his employment.

21. Cooper's manager (and those working at his direction) took specific action and undertook the obligation to exercise custody or control over Brody by confining him to the break room.

22. Cooper's manager (and those working at his direction) and others at his direction rendered minimal aid to Brody, including giving him a towel so he could stop the bleeding.

23. Brody was told to wait until the symptoms subsided. As a result, he was induced to forego other opportunities of obtaining assistance.

24. Cooper's manager (and those working at his direction) should have immediately called 911 and taken direction from 911 about what aid should be rendered.

25. Cooper's failure to call 911 delayed medical treatment being given to Brody.

26. If 911 had been called, Brody would have fully recovered or his injuries would be minimal.

27. Brody alleges that he was not in the course and scope of his employment at the time he needed aid.

28. He alternatively alleges he was within the course and scope of his employment.

*Count 2: Violation of Restatement (Second) of Torts § 323.*

29. Cooper violated Restatement (Second) of Torts § 323. It provides that:

   One who undertakes, gratuitously or for consideration, to render services to another which he should recognize as necessary for the protection of the other's person or things, is subject to liability to the other for physical harm resulting from his failure to exercise reasonable care to perform his undertaking, if

(a) his failure to exercise such care increases the risk of such harm, or

(b) the harm is suffered because of the other's reliance upon the undertaking.

Restatement (Second) of Torts § 323.

30.  Brody incorporates paragraphs 20-28 into this Count.

*Count 3: Violation of Restatement (Second) of Torts § 314A.*

31.  Cooper violated Restatement (Second) of Torts § 314A. It provides that:

> ... (3) A possessor of land who holds it open to the public is under a similar duty to members of the public who enter in response to his invitation.
>
> (4) One who is required by law to take or who voluntarily takes the custody of another under circumstances such as to deprive the other of his normal opportunities for protection is under a similar duty to the other.

Restatement (Second) of Torts § 314A.

32.  Cooper is a possessor of land.

33.  Cooper did nothing to obtain medical assistance for Brody.

34.  Brody incorporates paragraphs 20-28 into this Count.

*Count 4: Violation of Restatement (Second) of Torts § 314B.*

35.  Cooper violated Restatement (Second) of Torts § 314B. It provides:

> (1) If a servant, while acting within the scope of his employment, comes into a position of imminent danger of serious harm and this is known to the master or to a person who has duties of management, the master is subject to liability for a failure by himself or by such person to exercise reasonable care to avert the threatened harm.
>
> (2) If a servant is hurt and thereby becomes helpless when acting within the scope of his employment and this is known to the master or to a person having duties of management, the master is subject to liability for his negligent failure or that of such person to give first aid to the servant and to care for him until he can be cared for by others.

Restatement (Second) of Torts § 314B.

36. Plaintiff incorporates paragraphs 20-28 into this Count, but Brody alleges he was in the course and scope of his employment.

37. Brody alleges that Jesse was not in the course and scope of employment at the time of the assault.

38. Cooper knew that Brody was in a position of imminent danger because it was aware of Jesse's propensity of dangerous horseplay.

*Count 5: Violation of Restatement (Second) of Torts § 315.*

39. Cooper violated Restatement (Second) of Torts § 315. It provides:

> There is no duty so to control the conduct of a third person as to prevent him from causing physical harm to another unless
>
> (a) a special relation exists between the actor and the third person which imposes a duty upon the actor to control the third person's conduct, or
>
> (b) a special relation exists between the actor and the other which gives to the other a right to protection.

Restatement (Second) of Torts § 315.

40. Brody incorporates paragraphs 20-28 into this Count.

41. Cooper knew of the dangerous propensities of Jesse.

42. Cooper had a special relationship with Jesse because he was employed by Cooper.

43. Jesse was in the course and scope of employment and alternatively, not in the course in scope of employment at the time he assaulted Brody.

44. Cooper should have prohibited Jesse from coming onto its premises.

*Count 6: Violation of Restatement (Second) of Torts § 318.*

45. Cooper violated Restatement (Second) of Torts § 315. It provides:

> If the actor permits a third person to use land or chattels in his possession otherwise than as a servant, he is, if present, under a duty to exercise reasonable care so to



control the conduct of the third person as to prevent him from intentionally harming others or from so conducting himself as to create an unreasonable risk of bodily harm to them, if the actor

(a) knows or has reason to know that he has the ability to control the third person, and

(b) knows or should know of the necessity and opportunity for exercising such control.

Restatement (Second) of Torts § 315.

46. Brody incorporates paragraphs 20-28 into this Count.

47. Cooper knew of the dangerous propensities of Jesse.

48. At the time of the assault, Jesse was not in the course and scope of employment.

49. Cooper was aware of the horseplay taking place and should have removed Jesse from its premises.

*Count 7: Violation of Restatement (Second) of Torts § 322.*

50. Cooper violated Restatement (Second) of Torts § 322. It provides:

If the actor knows or has reason to know that by his conduct, whether tortious or innocent, he has caused such bodily harm to another as to make him helpless and in danger of further harm, the actor is under a duty to exercise reasonable care to prevent such further harm.

Restatement (Second) of Torts § 322. It provides:

51. Brody incorporates paragraphs 20-28 into this Count.

52. Jesse knew that he harmed Brody.

53. Jesse was an agent and alternatively an employee of Cooper, so Cooper is responsible for his negligence.

54. Jesse and Cooper should have called 911 and rendered reasonable aid.

*Count 8: Violation of Restatement (Second) of Torts § 322.*

55. Cooper violated Restatement (Second) of Torts § 321. It provides:

(1) If the actor does an act, and subsequently realizes or should realize that it has created an unreasonable risk of causing physical harm to another, he is under a duty to exercise reasonable care to prevent the risk from taking effect.

(2) The rule stated in Subsection (1) applies even though at the time of the act the actor has no reason to believe that it will involve such a risk.

Restatement (Second) of Torts § 321.

56. Brody incorporates paragraphs 20-28 into this Count.

57. Jesse knew that he harmed Brody.

58. Jesse was an agent and alternatively an employee of Cooper, so Cooper is responsible for his negligence.

59. Jesse and Cooper should have called 911 and rendered reasonable aid.

*Count 9: Duty to call 911*

60. Brody incorporates paragraphs 20-28 into this Count.

61. If not pled in the foregoing counts, as a business owner, Cooper had a duty to call 911. Its failure to do not exacerbated Brody's injuries.

*Count 10: Consortium claim*

62. Based on the foregoing acts of negligence, Brody was injured.

63. Lillian claims loss of consortium damages.

## VI.

## DAMAGES

64. Each and all of the above and foregoing, whether of omission or commission, constitutes negligence as the law defines it, and were, each and all, separately and concurrently, a proximate cause of the incident described above and the resulting injuries and damages sustained by Brody.


65. As a direct and proximate result of Cooper's conduct, Brody suffered the following injuries and damages:

    a. Brody has been forced to incur reasonable and necessary medical expenses in the past, and in all reasonable medical probability, will continue to incur reasonable and necessary medical expenses in the future;

    b. Brody has endured physical pain and suffering in the past, and in all reasonable medical probability, will continue to endure physical pain and suffering in the future;

    c. Brody has suffered mental anguish in the past, and in all reasonable medical probability, will continue to suffer mental anguish into the future;

    d. Brody has suffered physical impairment in the past and, in all reasonable medical probability, will continue to suffer physical impairment into the future;

    e. Brody has suffered physical disfigurement in the past and, in all reasonable medical probability, will continue to suffer physical disfigurement into the future;

    f. Brody has suffered lost earnings in the past and, in all reasonable probability, will continue to suffer loss of earning capacity into the future; and,

    g. Brody has suffered loss of household services in the past and future.

66. As a result of Defendant's negligence, Lillian has suffered loss of consortium with her husband.

## VII.

## PRAYER

WHEREFORE, PREMISES CONSIDERED, Brody and Lillian pray that, after trial on the merits, they have judgment against Defendant for the following:

    a. a sum in excess of the minimum jurisdictional limits of this Honorable Court;

    b. pre-judgment interest thereon at the maximum legal rate;

    c. post-judgment interest thereon at the maximum legal rate;

    d. costs of Court; and

    e. any and all such other and further relief, be it general or special, at law or in equity,

to which Brody and Lillian may be justly entitled.

Respectfully submitted,

GORDON, ELIAS & SEELY, L.L.P.

By: /s/ *Jeff Seely*

Jeff Seely
SBN 24033172
Todd Elias
SBN 00787427
1811 Bering Drive, Suite 300
Houston, Texas 77057
(713) 668-9999 Telephone
(713) 668-1980 Facsimile

**ATTORNEYS FOR PLAINTIFFS,**
**Brody & Lillian Combs**

Original Petition and Request for Disclosure